**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4914**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY EUGENE BROOKS, a/k/a Antonio Brooks,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (CR-05-6)

Submitted: April 17, 2006            Decided:  July 13, 2006

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Riley H. Ross, III, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Eugene Brooks was indicted for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000) (count one); and being an unlawful user of controlled substances in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2000) (count two).  At trial, the district court granted his Fed. R. Crim. P. 29 motion for a judgment of acquittal on the second count.  However, the district court denied the motion with respect to the first count, on which the jury subsequently convicted Brooks.  The district court sentenced Brooks to eighty-seven months' imprisonment, at the top of the advisory Sentencing Guidelines range.  Brooks appeals his conviction and sentence.

First, Brooks contends that the district court erred in denying his Rule 29 motion as it related to the first count in the indictment.  We review the district court's decision to deny a Rule 29 motion de novo.  United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004), cert. denied, 125 S. Ct. 1828 (2005).  Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  "[W]e have defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as

adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

With these principles in mind, we have reviewed the record and conclude substantial evidence supports Brooks' conviction. Thus, we conclude the district court did not err in denying the Rule 29 motion on the first count.

Second, Brooks contends the district court abused its discretion in denying his Fed. R. Crim. P. 33 motion for a new trial. Specifically, Brooks argues that he was prejudiced when the district court overruled his objection to evidence that had been previously admitted as relevant to the second count. The district court found that this evidence was also probative to the first count and was not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

A district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict,'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v.

Wilson, 118 F.3d 228, 237 (4th Cir. 1997)), cert. denied, 124 S. Ct. 1408 (2004), or "when substantial prejudice has occurred," United States v. Jones, 542 F.2d 186, 211 (4th Cir. 1976). We review the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995). Whether evidence is more probative than prejudicial under Rule 403 requires a determination of whether "the risk that the jury will be excited to irrational behavior is disproportionate to the probative value of the evidence." United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir. 1986). After thoroughly considering the issue, the district court did not find such a risk existed. Its findings were neither arbitrary nor irrational. See United States v. Simpson, 910 F.2d 154, 157-58 (4th Cir. 1990). Therefore, we find no abuse of discretion.

Finally, Brooks argues that his sentence is unreasonable. After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id.; see also United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006). As stated in Hughes, we will generally

- 4 -

affirm a post-<u>Booker</u> sentence if it is within the statutorily prescribed range and is reasonable. <u>Hughes</u>, 401 F.3d at 546-47. Further, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005); <u>see also</u> <u>Green</u>, 436 F.3d at 457 ("[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." (internal quotation marks omitted)).

Here, Brooks does not claim the district court insufficiently considered the applicable Sentencing Guidelines; in fact, the district court declined to apply two sentencing enhancements proposed in the presentence report because the evidence in support was too weak. The district court also sentenced Brooks below the statutory maximum of ten years' imprisonment. However, Brooks contends the district court gave short shrift to its advisory sentencing considerations, particularly the directives to sentence to a term no greater than necessary and to avoid sentencing disparities. We find the district court considered any and all issues relevant to Brooks' sentence. Moreover, we recently concluded, contrary to Brooks' argument, that § 3553's admonishment to avoid sentencing

disparities applies only to disparities between federal defendants except in unusual circumstances not present here.  See <u>United States v. Clark</u>, 434 F.3d 684 (4th Cir. 2006).  We find no deficiency in Brooks' sentence.

Accordingly, we affirm Brooks' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>